[Cite as *State v. Tartan*, 2023-Ohio-305.]

## COURT OF APPEALS OF OHIO
## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF PARMA, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111477 |
| v. | : | |
| IOAN TARTAN, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 2, 2023

Criminal Appeal from the Parma Municipal Court
Case No. 21-TRC-10996

### *Appearances:*

Timothy G. Dobeck, Parma Prosecuting Attorney, and John L. Reulbach, Jr., Assistant Prosecuting Attorney, *for appellee.*

Robert G. Walton; Law Office of Georg Abakumov LLC, and Georg I. Abakumov, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Ioan F. Tartan ("appellant") appeals his conviction and sentence for operating a vehicle while under the influence of alcohol from the Parma Municipal Court. After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} Appellant was charged with operating a vehicle under the influence of alcohol or drugs ("OVI"), in violation of Parma Codified Ordinances ("Parma Ord.") 333.01(A)(1); OVI with a blood-alcohol concentration greater than .17, in violation of Parma Ord. 333.01(A)(1)(h); and reckless operation on streets, public or private property, in violation of Parma Ord. 333.02. He pled not guilty to all charges.

{¶ 3} Appellant filed a motion to suppress, arguing that the police arrested appellant for OVI without probable cause to believe that he had been operating a vehicle while under the influence of alcohol. The court held a hearing on the motion, where the state presented two videos and the testimony of Parma Police Officer Smith.[1]

{¶ 4} The following evidence was elicited at the hearing: On August 29, 2021, Officer Smith was on duty with Officer Straub when they received a notification from dispatch that they had received a call about a vehicle traveling northbound on State Road in an erratic fashion, which included crossing over the center line and nearly striking multiple vehicles. The officers were traveling southbound on State Road at that time. The officers' vehicle passed appellant's vehicle, then turned around and began following appellant's vehicle.

{¶ 5} The officers observed appellant make a wide right turn onto Winthrop Drive, which is the street where appellant resides. Appellant was observed pulling

---

[1] The judgment entry of the trial court refers to the testimony of Officer Straub, but this appears to be an error since Officer Smith was the only officer to testify.

into a driveway and nearly striking a telephone pole. His vehicle was partially on the grass next to the driveway. He then attempted to back in and nearly struck a parked vehicle.

{¶ 6} The officers then decided to stop appellant's vehicle and activated the police cruiser's lights. It took some time for appellant to park his vehicle, to the point where Officer Smith had to tell him over her vehicle's public address system to park the car.

{¶ 7} When Officer Smith approached appellant in his vehicle, she observed an odor of alcohol emanating from his person and noticed that appellant's eyes were bloodshot and glassy. Appellant was unsteady on his feet as he exited the vehicle, to the point where Officer Smith held onto his shirt to prevent him from falling.

{¶ 8} Officer Smith asked appellant if he had been drinking in his car, to which he replied yes. However, when she looked at the drink in the vehicle, she noticed that it was only coffee. Appellant does not speak English, which likely led to the confusion in this exchange. The officers detained appellant in the cruiser while attempting to get an interpreter to come to the scene. At some point, appellant's wife emerged from their residence and was asked to act as an interpreter. The officers considered allowing appellant to go with his wife rather than be arrested, but appellant's wife was unwilling to let him come with her.

{¶ 9} In addition to the officer's testimony, the state offered video from the officer's dash cam and Ring doorbell camera video from a neighbor's house on Winthrop Drive, which depicted appellant attempting to back into the driveway.

{¶ 10} Following the hearing, the trial court denied the motion to suppress, finding in pertinent part:

> Upon a review of all evidence, the Court is satisfied that the City did have probable cause for a potential arrest for an OVI violation. There were two reported traffic violations, being the identified caller with Defendant going left of center, and Defendant's backing into the driveway, almost striking a telephone pole and driving on the lawn, which was observed by the Officers. There is also a reference to an improper turn at State and Winthrop, although he is not charged with that.
>
> Upon encountering Defendant, the Officers detected an odor of alcohol, glassy eyes, and slurred speech.[2] Although the [BMV Form] 2255 indicates that [Field Sobriety Tests] were performed, this Court has no evidence of the same relative to the Motion. If they were not done on site, it may be due to the language barrier. Certainly evidence of the results of [Field Sobriety Tests] has relevance both for probable cause and/or guilt or innocence; however, the Officers encounter a driver who allegedly drove improperly once on State Road being left of center, and their own observations of the backing into the neighbor's driveway. They also observed evidence of alcohol consumption, which could have been a factor in his vehicle operation. Thus, they were justified in making an arrest for an OVI violation.

{¶ 11} Appellant pled no contest to the OVI charge and was found guilty. The other charges were dismissed. The trial court sentenced him to 120 days in jail with credit for one day and 116 days suspended, a fine, a 330-day license suspension, and probation.

{¶ 12} Appellant then filed the instant appeal, raising one assignment of error for our review:

---

[2] While the trial court noted that the officers observed that appellant's speech was slurred, this is not reflected in the transcript. Officer Smith was asked several times about whether appellant's speech was slurred; she stated that it was not but suggested that she might not have been able to tell due to appellant's accent.

The trial court erred in concluding that the Parma Police had probable cause to arrest appellant for operating a motor vehicle while under the influence of alcohol.

## II. Law and Analysis

{¶ 13} In his sole assignment of error, appellant argues that the trial court's findings of fact regarding probable cause were not supported by competent, credible evidence and were against the manifest weight of the evidence. He further contends that the trial court did not consider several material factors that weighed against probable cause.

{¶ 14} Appellate review of the denial of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 24. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Carter*, 72 Ohio St.3d 545, 552, 651 N.E.2d 965 (1995); *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). Further, when reviewing a ruling on a motion to suppress, deference is given to the trial court's findings of fact so long as they are supported by competent, credible evidence. *Burnside* at ¶ 8. The reviewing court, however, must independently determine whether those facts satisfy the applicable legal standard. *Id*. at ¶ 8, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist.1997).

{¶ 15} In assessing whether an officer had probable cause to arrest for OVI, "we must determine whether, at the moment of arrest, the police had information

sufficient to cause a prudent person to believe that the suspect was driving under the influence." *Middleburg Hts. v. Gettings*, 8th Dist. Cuyahoga No. 99556, 2013-Ohio-3536, ¶ 26, citing *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). "A probable-cause determination is based on the 'totality' of facts and circumstances within a police officer's knowledge." *Gettings* at ¶ 26, citing *State v. Miller*, 117 Ohio App.3d 750, 691 N.E.2d 703 (11th Dist.1997). "While the odor of alcohol, glassy eyes, slurred speech, and other indicia of alcohol use by a driver are, in and of themselves, insufficient to constitute probable cause to arrest, they are factors to be considered in determining the existence of probable cause." *Gettings* at ¶ 26, citing *Kirtland Hills v. Deir*, 11th Dist. Lake No. 2004-L-005, 2005-Ohio-1563.

{¶ 16} In the instant case, as outlined above, the officers observed appellant commit a traffic violation and further witnessed him nearly strike a telephone pole and then a parked vehicle as he was attempting to park. Officer Smith testified that when she approached appellant in his vehicle, she observed the odor of alcohol emanating from his person and noted that his eyes were glassy and bloodshot. Appellant exited his vehicle in an unsteady manner, and Officer Smith held onto his shirt to prevent him from falling. The dashcam video depicts appellant walking somewhat unsteadily, and Officer Smith reaching her hand out to him. Further, the Ring camera video supports Officer Smith's testimony regarding appellant's poorly executed attempt to back into the driveway. We therefore find that the officers had sufficient information to cause a prudent person to believe that appellant was

driving while intoxicated. Based upon these circumstances, we conclude, as the trial court did, that the officers had probable cause to arrest appellant for OVI.

### III. Conclusion

{¶ 17} The trial court did not err in denying appellant's motion to suppress and finding that probable cause existed for appellant's arrest. Appellant's sole assignment of error is overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MARY J. BOYLE, J., CONCURS;
KATHLEEN ANN KEOUGH, J., CONCURS (WITH SEPARATE OPINION)


KATHLEEN ANN KEOUGH, J., CONCURRING:

{¶ 19} I concur, but write separately to express my concern regarding the officer's decision to utilize Tartan's wife as an interpreter during their interactions with him. Officer Smith testified that Tartan's wife appeared at the scene of the traffic stop and advised the officers to take Tartan to jail — she was unwilling to

accept responsibility for him and take him home. Despite her attitude toward her husband, Officer Smith testified that they had her act as an interpreter while Officer Straub advised Tartan of his Miranda rights and instructed him on how to perform the field sobriety tests. The use of Tartan's wife in this capacity was inappropriate and jeopardized the legality of evidence obtained during an otherwise valid traffic stop.

{¶ 20} The record provides that the officers partly based their probable cause determination to arrest Tartan on the fact that he failed the field sobriety tests. Absolutely no testimony or evidence was presented at the suppression hearing regarding which tests were given and how Tartan performed on each of the tests, including what indicia of impairment Tartan demonstrated during each test. Although Officer Smith testified that the field sobriety tests were performed at the scene of the traffic stop, no dash- or body-camera video or audio was presented demonstrating the instructions given to Tartan via his wife, any demonstration made by Officer Straub, or Tartan's performance. This is troublesome.

{¶ 21} In *Rocky River v. Bucci*, 8th Dist. Cuyahoga No. 105803, 2018-Ohio-393, this court noted that "'[i]t is unfair to hold a suspect's failure to complete an aspect of a field sobriety test against him if the suspect has not been properly instructed as to how to complete the test.'" *Id.* at ¶ 23, quoting *State v. Henry*, 12th Dist. Preble No. CA2008-05-008, 2009-Ohio-10, ¶ 28.

{¶ 22} In *Cleveland v. Krivich*, 2016-Ohio-3072, 65 N.E.3d 279 (8th Dist.), this court outlined the instructions for the horizontal gaze nystagmus, one-leg stand,

and walk and turn tests. Those instructions involve giving the driver detailed instructions about how to perform the tests and then the officer providing demonstration. By having Tartan's wife act as an interpreter when giving these instructions, the officers had no way of verifying that the instructions were properly given prior to Tartan's performance. And without video or audio, a defendant cannot later challenge whether the officers complied with the requisite procedures and protocols. *See, e.g., Bucci* (this court upheld the suppression of the results of the field sobriety tests proper when officer did not substantially comply with the protocols and procedures of the NHTSA manual in administering the tests).

{¶ 23} I recognize that Tartan did not seek to suppress the results of the field sobriety tests in his motion on this basis and the hearing did not develop this issue, but relying on the results of the field sobriety tests as a justification for probable cause in this case is suspect.

{¶ 24} Despite these concerns, I agree that probable cause existed to arrest Tartan for OVI. Officer Smith testified that she observed erratic driving followed by Tartan having an unsteady gait when he exited the vehicle. She further stated that she smelled an odor of alcohol from Tartan and that he had bloodshot and glassy eyes. In my opinion, these interactions with Tartan, coupled with the unchallenged results of the field sobriety tests, support the trial court's decision to deny the motion to suppress.